# EXHIBIT A

**IN THE COUNTY COURT OF THE TENTH JUDICIAL CIRCUIT**
**IN AND FOR POLK COUNTY, FLORIDA**
**SMALL CLAIMS DIVISION**

| | |
|---|---|
| **Megan Thomas,** | |
| *Plaintiff,* | Case No.: _____ |
| v. | Ad Damnum: **$1,000 + Atty Fees & Costs** |
| **Enhanced Recovery Company, LLC,** | **JURY TRIAL DEMANDED** |
| *Defendant.* | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, **Megan Thomas** ("**Ms. Thomas**"), by and through her attorneys, Seraph Legal, P.A., and complains of the Defendant, **Enhanced Recovery Company, LLC** ("**ERC**"), stating as follows:

## PRELIMINARY STATEMENT

1.     This is an action brought by Ms. Thomas against ERC for violations of the *Fair Debt Collection Practices Act*, 15 U.S.C. § 1692, *et seq.* ("**FDCPA**").

## JURISDICTION AND VENUE

2.     Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692k(d), the FCRA, 15 U.S.C. § 1681p, and Section 34.01, Florida Statutes.

3.     ERC is subject to the provisions of the FDCPA, the FCRA, and to the jurisdiction of this Court pursuant to Section 48.193, Florida Statutes.

4.     Venue is proper in Polk County, Florida, under Section 47.051, Florida Statutes, as the acts complained of were committed and/or caused by the Defendant within Polk County, Florida.

## PARTIES

5.      **Ms. Thomas** is a natural person residing in the city of Bartow, Polk County, Florida, and a *Consumer* as defined by the FDCPA, 15 U.S.C. § 1692a(3).

6.      **ERC** is a Delaware limited liability company with a primary business address of **8014 Bayberry Rd., Jacksonville, FL 32256.**

7.      ERC's Florida registered agent is **Corporation Service Company, 1201 Hays St., Tallahassee, FL 32301.**

8.      ERC is registered with the Florida Office of Financial Regulation as a *Consumer Collection Agency* ("**CCA**"), holding license number **CCA0900170**. **SEE PLAINTIFF'S EXHIBIT A.**

9.      ERC is a *Debt Collector* within the meaning of the FDCPA, 15 U.S.C. § 1692a(6), in that it uses postal mail or another instrumentality of interstate commerce, for its business, the principal purpose of which is the collection of debts, and/or it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

10.     As a licensed CCA, ERC knows or should know the requirements of the FDCPA.

## FACTUAL ALLEGATIONS

### The Debt

11.     Around February 2014, Ms. Thomas allegedly incurred a $602 debt (the "**Debt**") relating to a cable television bill from Bright House Networks, LLC ("**Bright House**").

12.     The Debt arose from residential cable television and internet services that were for family, personal, or household purposes, and therefore meets the definition of *Debt* within the FDCPA, 15 U.S.C. § 1692a(5).

13.     In early 2014, Bright House charged the debt off as uncollectable.

14.     Bright House was the entity to whom the Debt was originally alleged owed, and therefore the *Original Creditor* of the Debt.

15.     From the time of account opening through its charge-off, Ms. Thomas' account was with Bright House.

### Charter Communications Acquires Bright House in 2016

16.     In May 2016 – more than two years after the Debt was charged off – Bright House was purchased by Charter Communications, Inc. ("**Charter**").

17.     Prior to its purchase by Charter, Bright House billed for its services under the name "Bright House Networks" and advertised itself to the public with a distinctive logo incorporating its name. **SEE PLAINTIFF'S EXHIBIT B.**

18.     After Charter purchased Bright House, it provided cable and internet services under the brand name "Spectrum."

19.     In April 2020, Charter, or an unknown successor-in-interest, transferred, sold, or assigned the Debt to ERC for collection.

### ERC Claims Charter Was Original Creditor of Debt

20.     Charter provided information about the Debt to ERC, including the name of the original creditor.

21.     In May 2020, ERC reported the Debt to Experian ("**Experian**"), a nationwide *Consumer Credit Reporting Agency* ("**CRA**"). **SEE PLAINTIFF'S EXHIBIT C.**

22.     ERC reported to Experian that the original creditor of the Debt was "CHARTER COMMUNICATIONS." *Id.*

23.     However, Charter is not the original creditor of the Debt; Bright House is.

24.     Charter had **absolutely nothing** to do with the Debt beyond purchasing the parent company of Bright House *several years after* the Debt was charged off.

25.     An unsophisticated consumer would not recognize a debt incurred to "CHARTER COMMUNICATIONS" as the original creditor, since: (a) the Debt was incurred to Bright House; (b) all relevant bills sent by the original creditor bore the Bright House name and logo; and, (c) Bright House had no affiliation with Charter during the consumer's interaction with the company.

26.     ERC's failure to accurately report the original creditor would therefore deceive and confuse an unsophisticated consumer, who would believe that Charter was the original creditor of the alleged debt, thus placing her at a disadvantage in charting a course of action in response to the collection effort.

27.     The false identification of the original creditor of an account materially disadvantages an unsophisticated consumer and is itself sufficient to violate the FDCPA. *See, e.g., Tourgeman v. Collins Fin. Servs., Inc.* 755 F.3d 1109 (9th Cir. 2014) ("We conclude that the misidentification of the original creditor is independently sufficient to constitute a violation of the Act. We are persuaded that, in the context of debt collection, the identity of a consumer's original creditor is a critical piece of information, and therefore its false identification in a dunning letter would be likely to mislead some consumers in a material way.")

28.     Further, the *Credit Reporting Resource Guide*, published by the *Consumer Data Industry Association* ("**CDIA**"), a trade association representing the CRAs, including Trans Union, states that, "**The purpose of reporting the original creditor name is to help consumers identify the source of accounts when they appear on credit reports.** Without the original creditor names, consumers may not know what the accounts represent." (Emphasis original). **SEE PLAINTIFF'S EXHIBIT D.**

29.     The *Credit Reporting Resource Guide* instructs debt collectors like ERC to "(r)eport the name of the company/creditor that originally opened the account for the consumer." *Id.*

30.     Experian requires their furnishers of data, including ERC, to report data in compliance with the *Credit Reporting Resource Guide.*

31.     On information and belief, at all times relevant, ERC knew that it was falsely reporting the name of the original creditor to the CRAs.

32.     ERC's reports of the Debt to the CRAs were *Communications* as defined by the FDCPA, 15 U.S.C. § 1692a(2).

33.     Ms. Thomas has hired the aforementioned law firm to represent her in this matter and has assigned to it her right to fees and costs.

## COUNT I
## <u>VIOLATIONS OF THE FDCPA</u>

34.     Ms. Thomas incorporates paragraphs 1 – 33 as if fully restated herein.

35.     ERC violated **15 U.S.C. § 1692e and 1692e(10)** when it used misleading and deceptive means to attempt to collect a debt by falsely reporting to a nationwide CRA that the original creditor of the Debt was Charter Communications, when this was false, and the original creditor was actually Bright House Networks.

36.     ERC violated **15 U.S.C. § 1692e(2)(a)** when it made false representations about the character, amount and legal status of a debt by falsely reporting to a nationwide CRA that the original creditor of the Debt was Charter Communications, when this was false, and the original creditor was actually Bright House Networks.

37.     ERC violated **15 U.S.C. § 1692e(8)** when it communicated credit information which it knew or should have known was false, specifically by reporting to Experian that the original creditor of the Debt was Charter Communications.

38.     ERC's conduct renders it liable for the above-stated violations of the FDCPA

**WHEREFORE,** Ms. Thomas respectfully requests that this Honorable Court enter judgment against ERC, and for her, for:

a.  Statutory damages of **$1,000.00**, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

b.  Actual damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c.  Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and,

d.  Such other relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Ms. Thomas demands a jury trial on all issues so triable.

Respectfully submitted on August 14, 2020, by:

**SERAPH LEGAL, P. A.**

/s/ *Bridget L. Dow*
Bridget L. Dow
Florida Bar No.: 1022866
BDow@seraphlegal.com
/s/ *Bryan J. Geiger*
Bryan J. Geiger, Esq.
Florida Bar No.: 119168
BGeiger@seraphlegal.com
2002 E. 5th Avenue, Suite 104
Tampa, FL 33605
Tel: 813-567-1230
Fax: 855-500-0705
*Attorneys for Plaintiff*

## **ATTACHED EXHIBIT LIST**
A.      ERC's Florida CCA License
B.      Bright House Logo
C.      Plaintiff's Trans Union Consumer Disclosure, June 5, 2020, Excerpt
D.      *Credit Reporting Resource Guide*, Original Creditor Name Excerpt

# EXHIBIT A
## ERC's Florida CCA License



## EXHIBIT B
### Bright House Logo



# EXHIBIT C
## Plaintiff's Experian Consumer Disclosure, June 5, 2020, Excerpt

6/5/2020                                    Experian - Access your credit report

MEGAN THOMAS  |  Report number 0115-6516-67  |  June 05, 2020  |  Print  |  Close window

## Print your report

Below is all the information currently in your credit report. The payment history guide and common questions will help explain your credit information. Print this page or write down your report number for future access.

### Address
Experian
P.O. Box 9701 Allen, TX 75013

**Any pending disputes will be highlighted below.**

| Personal Information |
|---|

Name(s) associated with your credit

| Name | Name identification number |
|---|---|
| MEGAN THOMAS | Redacted |
| Redacted | |

Address(es) associated with your credit

| Address | Address identification number | Residence type | Geographical code |
|---|---|---|---|
| Redacted | | | |

1/18

# EXHIBIT C
## Plaintiff's Experian Consumer Disclosure, June 5, 2020, Excerpt



6/5/2020     Experian - Access your credit report

Redacted

Redacted

| | | | | |
|---|---|---|---|---|
| **Account name** | **Account number** | **Recent balance** | **Date opened** | **Status** |
| ENHANCED RECOVERY | 219711287 | $602 as of 05/24/2020 | 03/2020 | Collection account. $602 past due as of May 2020. |
| PO BOX 57547 JACKSONVILLE, FL 32241 800 861 9475 | **Type** Collection | **Credit limit or original amount** $602 | **Date of status** 03/2020 | |
| **Address identification number** 0337698427 | **Terms** 1 Months | **High balance** $0 | **First reported** 05/2020 | |
| **Original creditor** CHARTER COMMUNICATIONS | **On record until** May 2021 | **Monthly payment** $0 | **Responsibility** Individual | |
| | | **Recent payment amount** $0 | | |

3/18

# EXHIBIT C
## Plaintiff's Experian Consumer Disclosure, June 5, 2020, Excerpt



6/5/2020                                        Experian - Access your credit report

**Account history**

2020
May

Collection as of May 2020

**Balance history**

The following data will appear in the following format:
Date: account balance / date payment received / scheduled payment amount / actual amount paid
May 2020: $602 / No data / No data / No data
The original amount of this account was $602

Redacted

4/18

# EXHIBIT D
## *Credit Reporting resource Guide*, Original Creditor Name Excerpt

## Field Definitions

### K1 Segment
### Original Creditor Name

The K1 Segment must be present each time the account is reported by collection agencies, debt buyers, check guarantee companies, student loan guaranty agencies, and the U.S. Department of Education. **The purpose of reporting the original creditor name is to help consumers identify the source of accounts when they appear on credit reports.** Without the original creditor names, consumers may not know what the accounts represent.

Some state laws and CDIA policy stipulate that the original client/creditor must be identified. Federal law stipulates that the name of the payee must be identified when reporting returned checks.

Only one occurrence of the K1 Segment can be appended to the Base Segment. If not applicable, do not report the K1 Segment.

| FIELD | FIELD NAME & DESCRIPTION | 366 and 426 FORMATS | | |
| --- | --- | --- | --- | --- |
| | | Length | Position | Recording Technique |
| 1 | **Segment Identifier**<br>Contains a constant of **K1**. | 2 | 1-2 | AN |
| 2 | **Original Creditor Name**<br>The content of this field is dependent on the type of reporter.<br><br>Collection Agencies: Report the name of the company/creditor that originally opened the account for the consumer, even if the account had been turned over to multiple collection agencies.<br><br>Debt Buyers: Report the name of the company/creditor that originally opened the account for the consumer, even if the account had been sold multiple times to different debt buyers. Refer to the K2 Segment for "purchased from" information.<br><br>Companies Reporting Returned Checks: Report the name of the payee; i.e., name of company to which the check was written. Refer to Frequently Asked Question 16 for additional guidelines on reporting returned checks.<br><br>Student Loan Guarantors/U.S. Department of Education: Report the name of the original student loan lender.<br><br>One of the following three options should be used when reporting a creditor's name that would reveal sensitive information about the consumer.<br><br>1. Report the name of the institution, but do not include reference to the type of service. For example, use the hospital name without identifying that it was the psychiatric unit that provided care. If a hospital's name reveals sensitive information, abbreviate the name.<br><br>2. Use the corporate name if it is different from the commercial name of a mental institution or drug rehabilitation center.<br><br>3. Do not report the account if either of the above two options would not sufficiently protect the consumer's privacy.<br><br>**Note: Encoded information is not acceptable in this field.** | 30 | 3-32 | AN |

IN THE COUNTY COURT OF POLK COUNTY, FLORIDA
CLAIMS DIVISION


2020SC-004737-0000-00

MEGAN THOMAS
%DOW BRIDGET L, ESQUIRE
2002 E 5TH AVE., STE. 104
TAMPA, FL 33605
    PLAINTIFF


vs


ENHANCED RECOVERY COMPANY, LLC
C/O RA CORPORATION SERVICE COMPANY
1201 HAYS STREET
TALLAHASSEE, FL 32301
    DEFENDANT


<u>VIRTUAL /VIDEO SUMMONS/NOTICE TO APPEAR FOR PRETRIAL CONFERENCE</u>

   YOU ARE HEREBY COMMANDED to serve this NOTICE and copy of the
COMPLAINT upon: ENHANCED RECOVERY COMPANY, LLC

     YOU ARE HEREBY NOTIFIED that you are required to appear by **remote
videoconference technology** supported by Microsoft Teams on September 16th, 2020, at 10:30
AM for a PRETRIAL CONFERENCE before this court.

**TO APPEAR REMOTELY USING VIDEOCONFERENCE ON MICROSOFT TEAMS:**

- Go to https://teams.microsoft.com/download.  This works for all, whether it is
  Windows (32/64 bit), Mac, Linux (32/64 bit), Android, or iOS
- Click on installer and follow the steps.
- Using a mobile app, simply follow the link from your mobile device and you will be
  taken to the Microsoft Teams app on the Play Store or the App Store depending on
  your device.  Tap on the download and the app will be downloaded and automatically
  installed to your device.
- NOTE: you will need a Microsoft 365 account in order to sign-in to Microsoft Teams.
- Once the application is open, you will be asked to enter your Microsoft 365 account
  ID and password.  Upon signing-in, you will be able to use Microsoft Teams for free.
- To download Microsoft Teams and sign-up for Microsoft 365 will take some time, so
  please plan according to be on-time for your court hearing.
- DISCLAIMER: The Tenth Judicial Circuit, nor the Judge is affiliated with Microsoft
  or the above website.  We are not paid or otherwise compensated, by Microsoft or

any links to affiliated websites. Nor does the Tenth Judicial Circuit or the Judge endorse Microsoft, the website or affiliated websites.

**INSTRUCTIONS for Plaintiff(s)/Defendant(s)/Participants**

1. **TO APPEAR FOR THE VIDEO HEARING PLEASE CLICK ON LINK OR**

**GO TO LINK BY FOLLOWING STEPS BELOW**:

- **http://www.jud10.flcourts.org**
- Click on JUDGE (located at the top center of the page)
- Drop Down box, click on COUNTY
- Scroll to the bottom of the County Judges page
- Click on LORI A. WINSTEAD
- Next click on  "**Click here to enter Polk Bartow Small Claims\Evictions Virtual Court**" – right side of page

2. PHONE NUMBER & CONFERENCE ID TO CONNECT TO HEARING BY TELEPHONE:  **+1 863-225-4022**
3. **Conference ID**: 880 500 05#
4. You will enter a virtual courtroom lobby. When you are in the virtual courtroom lobby, you will not hear court proceedings. You will need to wait until the Judge allows you to enter the virtual courtroom.
5. When you enter the virtual courtroom, **IMMEDIATELY MUTE YOUR SPEAKER.**
6. **ONLY** unmute your speaker when you are responding to the Judge.
7. Once you finish your response, **MUTE** your speaker unless or until you are asked to respond again.
8. **DO NOT** speak unless you are directed to do so by the Judge.
9. **DO NOT** place the call on hold.

IMPORTANT – READ CAREFULLY, THE CASE WILL NOT BE TRIED AT THAT TIME. YOU WILL NOT NEED WITNESSES. YOU WILL APPEAR VIRTUALLY THROUGH VIDEOCONFERENCE OR THROUGH YOUR ATTORNEY.

The Defendant(s) will need to appear using remote videoconferencing on the date and time specified in order to avoid a default judgment. The plaintiff(s) must appear using remote videoconferencing to avoid having the case dismissed for lack of prosecution. A written

MOTION or ANSWER to the court by the plaintiff(s) or the defendant(s) shall not excuse the remote appearance of a party or its attorney at the PRETRIAL CONFERENCE. The date and time of the pretrial conference CANNOT be rescheduled without good cause and PRIOR court approval.

Any business entity recognized under Florida law may be represented at any stage of the trial court proceedings by any principal of the business entity who has legal authority to bind the business entity or any employee authorized in writing by the principal of the business entity. A principal is defined as being an officer, member, managing member, or partner of the business entity. Written authorization must be brought to the remote videoconference and able to be viewed by the presiding Judge.

The purpose of the pretrial conference is to record your appearance, to determine if you admit all or part of the claim, to enable the court to determine the nature of the case, and to set the case for trial if the case cannot be resolved at the pretrial conference. You or your attorney should be prepared to confer with the court and to explain briefly the nature of your dispute, state what efforts have been made to settle the dispute, exhibit any documents necessary to prove the case, state the names and addresses of your witnesses, stipulate to the facts that will require no proof and will expedite the trial, and estimate how long it will take to trial the case.

Mediation may take place at the pretrial conference. Whoever appears for the party will have full authority to settle. Failure to have full authority to settle at this pretrial conference may result in the imposition of costs and attorneys' fees incurred by the opposing party.

If you admit the claim, but desire additional time to pay, you must appear virtually, and state the circumstances to the court. The Court may or may not approve a payment plan and withhold judgment or execution or levy.

**RIGHT TO VENUE: The law gives the person or company who has sued you the right to file in any one of several places as listed below. However, if you have been sued in any place other than one of these places, you, as the defendant(s), have the right to request that the case be moved to a proper location or venue. A proper location or venue may be one of the following: (1) where the contract was entered into; (2) if the suit is on an unsecured promissory note, where the note was signed or where the maker resides; (3) if the suit is to recover property or to foreclose a lien, where the property is located; (4) where the event giving rise to the suit is located; (5) any location agreed to in a contract; (6) in an action for money due, if there is no agreement as to where suit may be filed, where payment is to be made.**

If you, as the defendant(s), believe the plaintiff(s) has/have not sued you in one of these correct places, you must appear virtually, using videoconferencing, on the above date and time and orally request a transfer, or you must file a WRITTEN request for transfer in affidavit form (sworn to under oath) with the court 7 days prior to your first court date and send a copy to the plaintiff(s) or plaintiff's(s') attorney, if any.

A copy of the statement of claim shall be served with this summons/notice to appear.

**Issued on** ___08/18/2020___.



STACY M. BUTTERFIELD, CPA
CLERK OF THE CIRCUIT COURT
DRAWER CC-12, POST OFFICE BOX 9000
BARTOW, FLORIDA  33831-9000
PHONE (863) 534-4000

By: _____
Deputy Clerk

**REQUESTS FOR ACCOMMODATIONS
BY PERSONS WITH DISABILITIES**

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Office of the Court  Administrator, 255 N. Broadway Avenue, Bartow, Florida 33830, (863) 534-4686, at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

**IN THE COUNTY COURT OF THE TENTH JUDICIAL CIRCUIT**
**IN AND FOR POLK COUNTY, FLORIDA**
**SMALL CLAIMS DIVISION**

Megan Thomas

      Plaintiff,

v.                                 Case No.: 20-SC-4737

Enhanced Recovery Company, LLC

      Defendant.
_____/

## WAIVER OF SERVICE OF PROCESS

TO:       Bridget Lynn Dow, Esq.
             Seraph Legal, P.A.
             2002 E. 5th Avenue, Suite 104
             Tampa, FL 33605

I acknowledge receipt of your request that I waive service of process in the above-captioned lawsuit of as of the date below.

I agree to save the cost of service of process and an additional copy of the complaint in this lawsuit by not requiring that the entity on whose behalf I am acting be served with judicial process in the manner provided by Fla. R. Civ. P. 1.070.

I declare that my relationship to ENHANCED RECOVERY COMPANY, LLC, the entity to whom the notice was sent, and my authority to accept service on behalf of such entity, pursuant to Florida Rule of Small Claims 7.050(a)(2), is as follows:

Rocky Landoll, Director of Legal for Enhanced Recovery Company, LLC

8014 Bayberry Road, Jacksonville, FL 32256 (904)680-2591, rlandoll@ercbpo.com

The entity on whose behalf I am acting will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for any objections based on a defect in the summons or in the service of the summons.

Executed on this on __11__ day of September, 2020.

*Rocky Landoll*

_____

Rocky Landoll,

Director of Legal,

Enhanced Recovery Company, LLC

8014 Bayberry Road,

Jacksonville, FL 32256

(904)680-2591,

rlandoll@ercbpo.com

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this _____ day of September 2020, a copy of the foregoing

was filed electronically via E-Filing Portal. A true and correct copy of the foregoing will be sent

to the following by email:

Bridget Lynn Dow, Esq.
Seraph Legal, P.A.
2002 E. 5th Avenue, Suite 104
Tampa, FL 33605
Bdow@seraphlegal.com


_____
Defendant Counsel